FILED

01/31/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 29, 2024 Session

## STONEYBROOKE INVESTORS, LLC v. AGNESS MCCURRY

**Appeal from the Circuit Court for Washington County**
**No. 42519     D. Kelly Thomas, Jr., Judge**

_____

**No. E2023-01673-COA-R3-CV**
_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; and KRISTI M. DAVIS, J.

Agness Mccurry, Johnson City, Tennessee, Pro Se Appellant.

Will A. Ellis, Johnson City, Tennessee, for the appellee, StoneyBrooke Investors, LLC.

## MEMORANDUM OPINION[1]

The *pro se* appellant, Agness Mccurry ("Appellant"), filed a notice of appeal with this Court on November 29, 2023, which states that Appellant is appealing the November 27, 2023 order of the Circuit Court for Washington County ("the Trial Court"). Appellant provided a copy of the order being appealed. This order entered by Presiding Judge Stacy L. Street of the First Judicial District states that he and all other judges in the First Judicial District have a conflict of interest and recuse themselves from the trial court proceedings. This order of recusal is resultant from a federal lawsuit that Appellant filed against those

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judges in the United States District Court for the Eastern District of Tennessee. According to the recusal order, that lawsuit remained pending before the federal court. As such, the judges requested designation of a replacement judge to preside over these proceedings.

On January 12, 2024, this Court entered an order directing Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction due to lack of a final judgment in the Trial Court proceedings. Appellant filed a response to the show cause order but failed to demonstrate that she was appealing a final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

We note that Tenn. Sup. Ct. R. 10B provides an interlocutory appeal as of right when a trial court denies a motion to recuse in the underlying proceedings. Upon review of Tenn. Sup. Ct. R. 10B, an interlocutory appeal as of right is only available from the denial of a motion for recusal, not an order entered by a judge recusing him or herself from presiding over the proceeding. In this case, the trial court judges have *sua sponte* recused themselves due to a perceived conflict of interest. Such an order of recusal entered by a trial judge does not provide an interlocutory appeal as of right. Furthermore, the recusal order is not a final judgment from which an appeal as of right would lie pursuant to Tenn. R. App. P. 3. *See Riverland, LLC v. City of Jackson*, No. W2017-01464-COA-R3-CV, 2018 WL 741679, at *1 (Tenn. Ct. App. Feb. 7, 2018) ("Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.").

The Trial Court's November 27, 2023 order of recusal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Agness Mccurry, for which execution may issue.

**PER CURIAM**